UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60238-CR-ZLOCH/Snow

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISHWADE SUBRAN, et al.,

    Defendants.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the following motions, which were referred to United States Magistrate Judge Lurana S. Snow:

1. Defendant **Ishwade Subran's** Motion to Sever or, Alternatively, to Exclude Statements (DE 78),

2. Defendant **Patrick Aiken's** Motion for Severance or, in the Alternative, Motion to exclude Co-Defendants Subran and Parker's Post-Arrest Inculpatory Statements (DE 74) and

3. Defendant **Anthony Foster's** Motion for Severence [sic] or in the Alternative to Exclude Co-Defendant Subran's Post Arrest Inculpatory Statements (DE 82).

These three defendants, together with co-defendant Wade Parker, are charged by indictment with conspiracy to obstruct commerce by means of robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy and attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 22

U.S.C. § 846 (Counts 2 and 3); conspiracy to use and carry firearms and ammunition during the commission of a crime of violence and drug trafficking crimes, in violation of 18 U.S.C. § 924(o) (Count 4); using and carrying a firearm during the commission of a crime of violence and drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (Count 5), and possession of firearms and ammunition as convicted felons, in violation of 18 U.S.C. §§ 924(g)(1) and 924(e).

A hearing was held on the motions on January 31, 2008.

## I. FACTS

The indictment is based upon plans made by the defendants, a confidential informant and undercover law enforcement officers to commit an armed robbery. According to the Government's responses to the instant motions (DEs 91-93), all four defendants were arrested on September 19, 2007, after which the following events occurred:

> 11. Upon arrest, Subran and Parker were placed in the same patrol car which was equipped with a recording device. Subran and Parker indicated "the Indian" (apparently referring to the confidential informant) had set them up. Parker suggested they blame everything on the confidential informant. Subran asked Parker if the undercover wore a wire each time they met. Subran stated that he was on probation and his probation was set to expire in two weeks. Subran asked Parker if the police were going to find the gun. Parker responded affirmatively. Subran stated he wanted to be deported and had he not brought his wallet, he could have given law enforcement a false name. Parker was then removed from the patrol car with Subran, and Foster was placed in the patrol car with Subran. Subran asked Foster if he thought law

enforcement had found their car, and Foster replied, "of course." Subran asked Foster if the police had found a gun on his person, and Foster did not respond.

12. Upon arrival at the ATF office, Subran was read his Miranda warnings and agreed to answer questions. Subran corroborated the confidential informant's account of how and why Subran and Aiken first met with undercover law enforcement personnel. Subran confirmed he told the confidential informant he knew someone who could execute the robbery. Subran indicated he was not going to enter the stash house. He confirmed the proposed details of the robbery and admitted attending meetings to discuss said details. According to Subran, Aiken wanted to have as many meetings as they had because he wanted to make sure undercover law enforcement personnel would utilize them to commit the robbery. Subran stated the calls made to law enforcement personnel were at the behest of Aiken. According to Subran, the undercover was not going to be harmed and was going to receive his share of the robbery proceeds. Subran claimed not to know the exact amount he was going to be paid for his involvement. Subran also claimed not to have met Foster prior to their meeting to await the undercover on September 19, 2007. Subran made no mention of any misconduct by the confidential informant.

13. Parker was also read his Miranda warnings and agreed to answer questions. Parker claimed to have been approached by Subran and the confidential informant about committing the robbery. Parker admitted to first meeting Special Agent McKean on August 29, 2007. According to Parker, he attended this meeting because he was just along for the ride with Subran and Aiken. Parker stated he understood Special Agent McKean was looking for someone to rob fifteen (15) kilograms of cocaine. Parker admitted to meeting again with Special Agent McKean on September 4, 2007. Parker stated that after the September 4th meeting, he understood Special Agent McKean was seeking a payment of five (5) kilograms of cocaine for his role in the robbery. According to Parker, he told Subran after the September 4th meeting the robbery was not proper. Parker stated, "I

3

just came for the ride" on the day of the arrest. Parker stated he did not have any weapons on his person but planned on entering the cocaine stash house with his bare hands. According to Parker, he was to be paid whatever Aiken gave him but admitted he expected a "couple thousand" for his involvement in the robbery.

14. Aiken and Foster refused to answer any questions.

## II. RECOMMENDATIONS OF LAW

Defendant Subran seeks a severance of his trial from that of Parker. Alternatively, Subran asks that Parker's statement be excluded from a joint trial. Defendant Aiken seeks a severance from the trial of Subran and Parker, or an order excluding their statements from a joint trial. Defendant Foster seeks a severance from the trial of Subran, or an order excluding the tape recording of his conversation with Subran while in the patrol car. The defendants rely on Bruton v. United States, 391 U.S. 123 (1968).

Bruton "held that the admission of a confession or statement by a non-testifying defendant which inculpates a co-defendant violates the co-defendant's Sixth Amendment right to confront a witness." United States v. Beale, 921 F.2d 1412, 1425 (11th Cir. 1991), citing Bruton, 391 U.S. at 123. The Eleventh Circuit "has read Bruton to exclude only those statements by a non-testifying defendant which directly inculpate a co-defendant." Beale, supra, at 1425; United States v. Satterfield, 743 F.2d 827, 849 (11th Cir. 1984), cert. denied, 471 U.S. 1117 (1985); United States v. Garrett, 727 F. 2d 1003 (11th Cir. 1984), aff'd 471 U.S. 773 (1985).

In Parker v. Randolph, 442 U.S. 62 (1979), the Supreme Court addressed the issue of "whether *Bruton* requires reversal of a defendant's conviction when the defendant himself has confessed and his confession 'interlocks' with and supports the confession of his co-defendant." Id. at 64. The Court noted that the Constitutional right to confrontation, protected by Bruton, "has far less practical value to a defendant who has confessed to the crime than to one who has consistently maintained his innocence." Id. at 73. The Court held that "admission of interlocking confessions with proper limiting instructions conforms to the requirements of the Sixth and Fourteenth Amendments to the United States Constitution." Id. at 75. However, when "as in *Bruton*, the confessing codefendant has chosen not to take the stand and the implicated defendant has made no extrajudicial admission of guilt, limiting instructions cannot be accepted as adequate to safeguard the defendant's rights under the Confrontation Clause." Id. at 74.

In the instant case, the post-Miranda statements of defendants Subran and Parker directly inculpate defendant Aiken, who made no statement and was not recorded in the patrol car. Therefore, the undersigned finds that, to the extent these statements implicate Aiken, they are inadmissible in a joint trial of all defendants. At the hearing on the instant motions, the Government provided redacted versions of the statements made by Subran and Parker, which all parties agree are acceptable.

Subran's statement, as redacted, reads as follows:

Subran stated he was approached by the confidential informant asking if he knew anyone who could rob a shipment of cocaine.

Subran sated he told the confidential informant he knew someone who could do the robbery.

Subran stated after the first meeting with Special Agent McKean on August 24, 2007, he understood Special Agent McKean was seeking someone to rob cocaine.

Subran admitted attending a second meeting with Special Agent McKean on August 29, 2007.

Subran stated he called Special Agent McKean on September 2, 2007 to arrange a third meeting to allay Special Agent McKean's concerns about the successful execution of the robbery.

Subran admitted to attending this third meeting on September 4, 2007, at which meeting he told Special Agent McKean he would act as the getaway driver.

Subran admitted he expected to be paid for brokering the deal but claimed not to know how much he was to be paid.

Parker's statement, as redacted, reads:

Parker stated after this first meeting with Special Agent McKean on August 29, 2007, he understood Special Agent McKean was seeking someone to rob fifteen kilograms of cocaine.

Parker stated after his second meeting with Special Agent McKean on September 4, 2007, he understood Special Agent McKean was seeking a payment of five kilograms of cocaine for his involvement in the robbery.

Parker admitted he planned on entering the stash house.

Parker stated he expected to be paid a couple of thousand dollars for his involvement in the robbery.

6

The undersigned finds that the statements of Subran and Parker, as redacted, do not violate <u>Bruton</u> and are admissible in the joint trial of all defendants. <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987).

Defendant Foster seeks to exclude the tape recording of his conversation with Subran, which took place in the police patrol car after his arrest, but prior to the time that Foster was advised of his <u>Miranda</u> rights. Foster relies on <u>Bruton</u>, but has cited no case in which <u>Bruton</u> was applied to statements made during a conversation between defendants, without any questioning by police. The undersigned finds that <u>Bruton</u> does not preclude the admission of the tape recording.

Foster contends that because he did not respond to questions posed by Subran, the admission of the taped conversation would constitute a comment on his post-arrest silence. However, the Government "may comment on a defendant's silence when it occurs after arrest, but before *Miranda* warnings are given." <u>United States v. Rivera</u>, 944 F.2d 1563, 1568 (11th Cir. 1991), citing <u>Fletcher v. Weir</u>, 455 U.S. 603 (1982); <u>United States v. Magdaniel-Mora</u>, 746 F.2d 715, 723 (11th Cir. 1984). Foster has not provided any case which supports his position, and the undersigned concludes that the tape recording is admissible in a joint trial.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

7

RECOMMENDED that:

1. Defendant **Ishwade Subran's** Motion to Sever or, Alternatively, to Exclude Statements (DE 78) be DENIED,

2. Defendant **Patrick Aiken's** Motion for Severance or, in the Alternative, Motion to exclude Co-Defendants Subran and Parker's Post-Arrest Inculpatory Statements (DE 74) and

3. Defendant **Anthony Foster's** Motion for Severence [sic] or in the Alternative to Exclude Co-Defendant Subran's Post Arrest Inculpatory Statements (DE 82) be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William J. Zloch, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of February, 2008.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Bruce Brown (FTL)
Richard Della Fera, Esq.
AFPD Chantel Doakes (FTL)
Ivan Mercado, Esq.
Steven Kassner, Esq.