```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 07-60238-CR-ZLOCH
```

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                            **O R D E R**

PATRICK AIKEN,

       Defendant.

_____/

    THIS MATTER is before the Court upon Defendant Patrick Aiken's Motion For Missing Witness Instruction (DE 148). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The instant Motion seeks a missing witness jury instruction due to the unavailablity of confidential informant Langford Jackto. In February of 2007, Jackto entered into a Substantial Assistance Agreement with the Broward County State Attorney's Office. Jackto was sentenced on August 1, 2007, and received a reduction of his sentence for rendering substantial assistance. Thereafter, Jackto was advised by officials with the United States Citizenship and Immigration Services that he had a choice between formal deportation and voluntary departure from the United States.

    From August of 2007 through September 19, 2007, Jackto worked as a confidential informant with Broward County Sheriff's Office Detective Jason Hendrick and Drug Enforcement Special Agent Steve McKean on this case. During this period of time, Jackto set up

meetings with the Defendants and Special Agent McKean to discuss a narcotics robbery.  The robbery took place on September 19, 2007, and all named Defendants in the above-styled cause were arrested.

On October 3, 2008, Detective Hendrick learned that Jackto intended to self-deport, and in fact, Jackto showed Detective Hendrick an airline ticket set for departure to Jamaica on October 4, 2008.  Neither Detective Hendrick, nor Special Agent McKean contacted immigration officials regarding formal deportation or the voluntary departure of Jackto.  Subsequent to October 4, 2008, Detective Hendrick learned that Jackto was not onboard the flight to Jamaica, and his whereabouts are presently unknown to the prosecution and the defense.

When a witness is unavailable to testify at trial, a defendant may receive a missing witness instruction when all of the following three elements have been met: 1) the witness is peculiarly within the control of one party, 2) the testimony would be relevant to facts at issue, and 3) the witness's testimony would not be adverse to the defendant.  United States v. Nahoom, 791 F.2d 841, 846 (11th Cir. 1986); United States v. Link, 921 F.2d 1523, 1529 (11th Cir. 1991).  Defendant Patrick Aiken has failed to establish that Jakcto is peculiarly within the control of the prosecution.  The facts demonstrate that Jackto's whereabouts is presently unknown to any Party.  Therefore, Defendant Aiken cannot satisfy the first element.

Furthermore, Jackto's unavailability is not the result of the prosecution's actions. As previously stated, immigration officials gave Jackto the option of self-departure or formal deportation. The Court will not impart an action taken by immigration officials to the prosecution. By prior Order (DE 161), the Court denied Defendant Patrick Aiken's Motion To Dismiss (DE 122) finding that the prosecution is not responsible for Jackto's unavailability. Similarly, for the purpose of this Motion, the prosecution does not have control over Jackto sufficient to warrant a missing witness instruction.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Patrick Aiken's Motion For Missing Witness Instruction (DE 148) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of May, 2008.

```
                                    /s/ William J. Zloch
                                    _____
                                    WILLIAM J. ZLOCH
                                    United States District Judge
```

Copies furnished:

All Counsel of Record